IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK D. MCCOLLUM, III, § | |
| #2021347, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-2351-N-BK |
| § | |
| GRACIE G. LEWIS, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil rights case was referred to the United States magistrate judge for a recommended disposition. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending preliminary screening. For the reasons detailed below, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

I.   **BACKGROUND**

Plaintiff Frank D. McCollum, a state prisoner proceeding *pro se*, challenges his 2015 conviction and sentence for aggravated sexual assault of a child in Criminal District Court No. 3 of Dallas County case number F11-133471.[1] In accordance with a plea agreement, the trial court deferred its finding of guilt and placed McCollum on six years' community supervision. The State subsequently filed a motion to adjudicate guilt and, following a hearing, the trial court found McCollum guilty and sentenced him to 15 years' confinement. On direct appeal, the state district court's judgment was modified as agreed by the parties and the conviction was affirmed.

---

[1] The docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Sep. 26, 2018).

*McCollum v. State*, No. 05–15–01056–CR, 2016 WL 8115929 (Tex. App.–Dallas 2016, no pet.). Subsequently, McCollum unsuccessfully sought mandamus relief from the Texas Court of Criminal Appeals and the United States Court of Appeals for the Fifth Circuit. *Ex parte McCollum*, No. WR-86,370-01 (Tex. Crim. App. 2017);[2] *In re McCollum*, No. 17-11251 (5th Cir. Apr. 27, 2018). The Fifth Circuit also declined to entertain McCollum's request for habeas relief, instead transferring it to the district of confinement where it was dismissed as unexhausted. *McCollum v. Davis*, No. 3:18-CV-186 (S.D. Tex. Galveston Div. Aug. 2, 2018). McCollum has also filed a state habeas application, which challenges the revocation of his community supervision, and is pending. *Ex parte McCollum*, No. W1133471A (Crim. Dist. Court No. 3, filed Sep. 21, 2018).[3]

In this action, McCollum names as Defendants Gracie G. Lewis, presiding judge of Dallas County Criminal District Court No. 3; Leah McDonald, a Dallas County sex-offender probation officer; an unidentified Dallas County sex-offender community supervisor; Dallas County Commissioner John Wiley Price; psychologist Pete Henschel; and Stacy Dupler, a sex offender therapist. Doc. 3 at 3. The essence of McCollum's claims is that Defendants established and enforced policies that prevented him from obtaining medical treatment for his mental illness and cerebro-vascular dementia, and which ultimately led to the revocation of his community supervision. Doc. 3 at 6-8. McCollum requests declaratory and injunctive relief and nominal, compensatory and punitive damages. Doc. 3 at 4.

---

[2] The docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-86,370-01&coa=coscca (last accessed Sep. 26, 2018).

[3] The docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Sep. 26, 2018).

**II.     ANALYSIS**

When a plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). These statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, McCollum's complaint should be dismissed as frivolous.

The doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge under section 1983 to the revocation of McCollum's community supervision. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487. The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, a ruling in McCollum's favor on the claims pled "would necessarily imply the invalidity" of the revocation of his community supervision, adjudication of guilt, and resulting conviction. *Heck*, 512 U.S. at 487; *Miller v. Harris County*, 396 F. App'x 77, 77-79 (5th Cir. 2010) (affirming dismissal of *Heck*-barred claims because they "would necessarily imply the invalidity of the deferred adjudication order and the judgment adjudicating his guilt"). Since no court has reversed or otherwise invalidated McCollum's state conviction for aggravated sexual assault of a child, his claims are clearly barred by *Heck*.[4] Consequently, the complaint lacks any basis in law and should be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

### III.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, however, leave to amend is not required where, as here, it would be futile and cause needless delay. The *Heck* bar cannot be overcome by mere amendment of the pleadings.

### IV.   CONCLUSION

Because Plaintiff's claims are frivolous, they should be summarily **DISMISSED WITH PREJUDICE** to being asserted again before the *Heck* conditions are met. *See DeLeon*, 488 F.3d at 657 ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff's claims are dismissed

---

[4] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

4

with prejudice to their being asserted again until the Heck conditions are met.'" (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[5]

**SO RECOMMENDED**, September 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[5] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."