## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **FRANK D. MCCOLLUM, III,** | § | |
| **#02021347,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:18-CV-2351-N-BK** |
| | § | |
| **PETE HENSCHEL,** | § | |
| **DEFENDANT.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge following the partial remand from the United States Court of Appeals for the Fifth Circuit for Defendant Pete Henschel, but leaving the judgment undisturbed as to the remaining Defendants. Upon review of the relevant pleadings and applicable law, the remaining claims should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND

On September 5, 2018, Plaintiff Frank D. McCollum, III, a state prisoner, initiated this case by filing a pro se *Prisoner's Civil Rights Complaint* against six defendants, including Psychologist Pete Henschel, who was employed by Central Psychological Services, a private entity in Dallas, Texas. Doc. 3 at 3; Doc. 3 at 7. McCollum alleged that Henschel established and perpetuated a policy of restricting and prohibiting his access to treatment for his mental illness and cerebra-vascular dementia, which led to the revocation of his community supervision for aggravated assault of a child under the age of fourteen. Doc. 3 at 7.

On October 26, 2018, this Court found that McCollum's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 7 at 4; Doc. 9 (accepting recommendation and summarily dismissing complaint). However, on May 24, 2021, the Court of Appeals for the Fifth Circuit determined that *Heck* barred McCollum's claims against all Defendants but Henschel. Doc. 18 at 5, 10 ("Henschel could have acted unlawfully by denying McCollum treatment, and this unlawfulness is not alleged to have any bearing on McCollum's plea of "true," nor his failure to participate in sex offender treatment."). That notwithstanding, since Henschel's complaint contains no allegations that Henschel was a state actor, the appellate court remanded the case to afford McCollum an opportunity to amend his pleading to cure this deficiency. Doc. 18 at 10. Henschel has failed in that regard.

## II. ANALYSIS

Because McCollum is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even after being given an opportunity to amend and supplement his complaint, however, McCollum's remaining claims lack an arguable legal basis.

### A.  Claims against Henschel under 42 U.S.C. § 1983 are frivolous

To plead a constitutional claim under 42 U.S.C. § 1983, a plaintiff must allege that he has been deprived of a constitutional right by a person acting "under color of state law." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978); *Jackson v. City of Hearne*, 959 F.3d 194, 200 (5th Cir. 2020).  Therefore, at issue is whether Henschel was acting "under color of state law" when he denied McCollum's request for treatment, with the critical inquiry being whether "the alleged infringement of federal rights [can be] fairly attributable to the State." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (citing *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In his *Answers to Magistrate Judge's Questionnaire*, McCollum alleges that Henschel acted "under color of [state] law as a contractor of the Dallas County Court" when he denied treatment for McCollum's "serious psychiatric and neurological conditions." Doc. 23 at 5. According to McCollum, while he was undergoing sex offender treatment in Henschel's program, he presented Henschel with three medical reports compiled by physicians with the Department of Veterans Affairs ("VA"). Doc. 23 at 2.  McCollum avers that the first report diagnosed him with both combat and noncombat-related PTSD; the second report diagnosed him with dementia and proposed a therapy plan; and the third report recorded McCollum's informed consent to an emergency "septorhinoplasty," a surgical procedure commonly employed to

correct a deviated septum. *Id.* McCollum alleges that Henschel disregarded these reports, saying, "'What am I supposed to do with this?'; 'You don't have dementia'; 'We don't do business with VA.'" *Id.* McCollum further alleges that he experienced severe "psychological pain and suffering" as a result of Henschel's disregard and "suffered a stroke because [he] was denied treatment for the dementia related ischemia." Doc. 23 at 2. McCollum contends that Henschel's denial of treatment "interefer[ed] in [his] constitutional right to adequate medical care and to be free from cruel and unusual punishment, and animus for being a disabled veteran and mentally ill." *Id.*

Notably, in his complaint, as supplemented by his *Answers to Magistrate Judge's Questionnaire*, McCollum does not allege that (1) Henschel performed a function that is "exclusively reserved to the State,"[1] (2) the State motivated Henschel's actions by exerting coercive power over him,[2] (3) the State acted as a joint participant in Henschel's actions,[3] or (4) Henschel willfully participated in joint action with the State or its agents.[4] McCollum's allegations that Henschel disregarded the VA's medical recommendations by denying McCollum access to dementia therapy and emergency "septorhinoplasty" do not assert sufficient State

---

[1] Applying the "public function test," which examines whether the private entity performs a function that is "exclusively reserved to the State." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 158 (1978).

[2] Applying the "state compulsion test," wherein a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169–71 (1970).

[3] Applying the "nexus test," which considers whether the State has inserted "itself into a position of interdependence with the [private actor, such] that it was a joint participant in the enterprise." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357–58 (1974); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937–39 (1982).

[4] Applying the "joint action test," under which private actors will be considered state actors where they are "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

involvement required to designate Henschel as a state actor.  In his *Answers to Magistrate Judge's Questionnaire*, McCollum merely asserts that Henschel acted "under color of state law" as a state contractor.  Doc. 23 at 4-5.  The "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."  *Cornish*, 402 F.3d at 550 (quoting *Rendell–Baker*, 457 U.S. at 841).  Thus, McCollum cannot satisfy the requirements of § 1983 that Henschel, a private citizen employed by a private entity, acted under color of state law.  *Id.* at 549 ("[M]ere private conduct, no matter how discriminatory or wrongful is excluded from § 1983's reach." (cleaned up)).

### B.  McCollum's § Claims Are Time Barred

McCollum's claims are also time barred.  He concedes the purported denial of treatment at issue predated July 7, 2014.  Doc. 23 at 2.  Thus, the deadline to file suit was, at the latest, July 6, 2016—long before he signed his complaint on August 28, 2018.  Doc. 3 at 5; *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (holding § 1983 actions in Texas are governed by the two-year personal injury limitations period and courts can raise the affirmative defense of the statute of limitations *sua sponte* in *in forma pauperis* actions); *Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (holding a prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system).

McCollum cannot demonstrate that he is entitled to equitable tolling of the statute of limitations period due to a "legal disability."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) ("[A] person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind.").  And the fact of his

imprisonment does not provide a basis to toll the statute of limitations under Texas law.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

### C.  Federal criminal law claims also fail

In his *Answers to the Magistrate Judge's Questionnaire*, McCollum includes 18 USC § 245(b) and 18 USC § 1512(a) as legal bases for his claim.  Doc. 23 at 1.  Section 245(b) sets out criminal penalties for anyone who intimidates or interferes with any person seeking to participate in federally protected activities (voting, participating in federally funded programs, serving on a jury, etc.), while § 1512(a) criminalizes the act of tampering with a witness, victim, or informant. Later in his *Answers*, McCollum claims that Henschel exhibited "invidious discrimination and criminal intent" in his "intimidation, threats and obstruction of psycho-neuro treatment."  Doc. 23 at 2-3.

To the extent McCollum attempts to allege criminal law violations, his claims lack any legal basis and, therefore, cannot support a federal cause of action.  Criminal statutes do not create a private right of action.  For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."  *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M*., 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).  Here, McCollum has pled nothing that even comes close to meeting that burden.  Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a

federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005).

### III. CONCLUSION

For the foregoing reasons, McCollum's remaining claims against Henschel should be summarily **DISMISSED WITH PREJUDICE** as frivolous, and this case should be closed. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[5]

**SO RECOMMENDED** on October 18, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

8